IN THE IOWA DISTRICT COURT FOR WOODBURY COUNTY

| | |
|---|---|
| MONICA VENESKY,<br><br>    Plaintiff,<br><br>vs.<br><br>NORTHWEST AIRLINES, INC., and DELTA AIR LINES, INC.,<br><br>    Defendants. | NO. LRCV142843<br><br>PETITION |

COMES NOW the Plaintiff, Monica Venesky, and for her claims against the Defendants, states as follows:

### THE PARTIES

1. Plaintiff is an individual and a resident of Sioux City, Iowa.

2. Defendants operate an airline reservation sales facility in Sioux City, Iowa.

3. On information and belief, Delta Air Lines, Inc., acquired or merged with Northwest Airlines, Inc., sometime in 2008.

### JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to the provisions of Iowa Code § 216.16, 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5(f)(3).

5. Venue in this Court is proper because the unlawful employment practices that are the subject of this action occurred in Sioux City, Iowa.

### COUNT I

6. Plaintiff is currently employed by Defendants at their Sioux City location as a reservation sales agent.

7. Plaintiff is blind.

KLASS LAW FIRM, L.L.P.

1

Case 5:10-cv-04079-MWB   Document 1-3   Filed 08/24/10   Page 1 of 6

EXHIBIT A

8. Plaintiff applied and was qualified for a position within the Defendants' company.

9. Plaintiff was denied the promotion despite her qualifications.

10. Defendants decided not to promote the Plaintiff because of her disability.

11. Throughout her employment, Plaintiff made reasonable requests that her employer accommodate her blindness so as to provide her with the information Defendants provided their sighted employees and allow her to perform her job in a manner that was acceptable to her employer.

12. Defendants unreasonably failed to make these accommodations, and Plaintiff's performance and ability to obtain promotions were adversely affected by Defendants' refusals.

13. Throughout her employment, the Plaintiff was subjected to demeaning behavior and comments from the Defendants and their agents and employees.

14. The aforementioned behavior and comments were directly related to the Plaintiff's blindness.

15. The demeaning behavior and comments of Defendants and their agents and employees were unwelcome.

16. Sighted people were not subjected to the same or similar demeaning behavior and comments as was the Plaintiff and other similar disabled employees.

17. The Plaintiff found the demeaning comments and behavior offensive as would any other reasonable visually impaired person.

KLASS LAW FIRM, L.L.P.

18. Plaintiff filed a timely Charge of Discrimination with the Sioux City Human Rights Commission. This Commission submitted this Charge to the Iowa Civil Rights Commission.

19. The Charge was cross filed with the Equal Employment Opportunity Commission.

20. On or about June 1, 2010, the Iowa Civil Rights Commission issued a Right to Sue Letter.

21. On or about July 13, 2010, the Equal Employment Opportunity Commission issued a Notice of Right to Sue.

### COUNT I: Defendants Failed to Promote the Plaintiff Due to Her Disability in Violation of the Americans with Disabilities Act (Disparate Treatment)

22. Plaintiff incorporates paragraphs 1-21 of her Petition.

23. Defendants are covered entities within the meaning of 42 U.S.C. § 12111.

24. Plaintiff is an employee and qualified individual within the meaning of 42 U.S.C. § 12111.

25. Plaintiff is disabled within the meaning of 42 U.S.C. § 12102.

26. Defendants intentionally discriminated against Plaintiff by failing to promote her due to her blindness in violation of 42 U.S.C. § 12112.

27. As a result of the actions of the Defendants, Plaintiff has suffered and will continue to suffer emotional distress, lost wages, an advancement opportunity, and other compensatory damages.

### COUNT II: Defendants Failed to Provide Plaintiff with Reasonable Accommodations in Violation of the Americans with Disabilities Act

28. Plaintiff incorporates paragraphs 1-27 of her Petition.

29. Defendants are covered entities within the meaning of 42 U.S.C. § 12111.

30. Plaintiff is an employee and qualified individual within the meaning of 42 U.S.C. § 12111.

31. Plaintiff is disabled within the meaning of 42 U.S.C. § 12102.

32. Defendants discriminated against Plaintiff by refusing to make reasonable accommodation for her blindness in violation of 42 U.S.C. § 12112.

33. As a result of the actions of the Defendants, Plaintiff has suffered and will continue to suffer emotional distress and lost advancement opportunities along with other damages.

### COUNT III: Defendants Created and Maintained a Hostile Work Environment in Violation of the Americans with Disabilities Act

34. Plaintiff incorporates paragraphs 1-33 of her Petition.

35. The demeaning conduct and behavior of the Defendants and their agents and employees affected the terms, conditions, and/or privileges of the Plaintiff's employment in violation of 42 U.S.C. § 12112.

36. By directing demeaning comments and behavior towards the Plaintiff, the Defendants and their agents and employees have created a hostile work environment.

37. As a result of the actions of the Defendants, Plaintiff has suffered and will continue to suffer emotional distress along with other damages.

### COUNT IV: Defendants Failed to Promote the Plaintiff Due to Her Disability in Violation of the Iowa Code Chapter 216 (Disparate Treatment)

38. Plaintiff incorporates paragraphs 1-37 of her Petition.

39. Defendants are employers within the meaning of Iowa Code § 216.2.

KLASS LAW FIRM, L.L.P.

4

Case 5:10-cv-04079-MWB   Document 1-3   Filed 08/24/10   Page 4 of 6
EXHIBIT A

40. Plaintiff is an employee and suffers from a disability within the meaning of Iowa Code § 216.2.

41. Defendants intentionally discriminated against Plaintiff by failing to promote her due to her blindness in violation of Iowa Code § 216.6.

42. As a result of the actions of the Defendants, Plaintiff has suffered and will continue to suffer emotional distress, lost wages, an advancement opportunity, and other compensatory damages.

### COUNT V: Defendants Failed to Provide Reasonable Accommodation in Violation of the Iowa Code Chapter 216

43. Plaintiff incorporates paragraphs 1-42 of her Petition.

44. Defendants are employers within the meaning of Iowa Code § 216.2.

45. Plaintiff is an employee and suffers from a disability within the meaning of Iowa Code § 216.2.

46. Defendants discriminated against Plaintiff by refusing to make reasonable accommodation for her blindness in violation of Iowa Code § 216.6.

47. As a result of the actions of the Defendants, Plaintiff has suffered and will continue to suffer emotional distress along with other damages.

48. The Defendants discriminatory actions have also damaged the Plaintiff by restricting her ability to advance within the Defendants' business as compared to sighted employees.

### COUNT VI: Defendants Created and Maintained a Hostile Work Environment in Violation of the Iowa Code Chapter 216.

49. Plaintiff incorporates paragraphs 1-48 of her Petition.

KLASS LAW FIRM, L.L.P.

5

Case 5:10-cv-04079-MWB   Document 1-3   Filed 08/24/10   Page 5 of 6

EXHIBIT A

50. The demeaning conduct and behavior of the Defendants and their agents and employees affected the terms, conditions, and/or privileges of the Plaintiff's employment in violation of Iowa Code Chapter 216.

51. By directing demeaning comments and behavior towards the Plaintiff, the Defendants and their agents and employees have created a hostile work environment in violation of Iowa law.

52. As a result of the actions of the Defendants, Plaintiff has suffered and will continue to suffer emotional distress along with other damages.

WHEREFORE Plaintiff prays for injunctive relief to end the Defendants unlawful discrimination, an award of back pay from the time of the unlawful failure to advance to the date of trial, together with the value of all employment benefits which she has lost, advancement or an award of front pay in lieu of advancement, damages for past and future emotional distress, damages for past and future medical bills, attorney fees, costs, and such other relief as may be appropriate.

Respectfully submitted,

*/s/ Douglas L. Phillips*

Douglas L. Phillips   #AT0006251
KLASS LAW FIRM, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
Sioux City, IA  51106
phillips@klasslaw.com
WWW.KLASSLAW.COM
712/252-1866
712/252-5822 fax

ATTORNEYS FOR PLAINTIFF

KLASS LAW FIRM, L.L.P.

6

Case 5:10-cv-04079-MWB   Document 1-3   Filed 08/24/10   Page 6 of 6

EXHIBIT A